# In the United States Court of Federal Claims

No. 10-121C
(Filed October 21, 2010)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * | * | |
| | * | |
| **MICHAEL C. MCDERMOTT,** | * | Military pay; motion to dismiss |
| | * | under RCFC 12(b)(1) for lack of |
| Plaintiff, | * | subject matter jurisdiction based |
| | * | on justiciability; mootness |
| v. | * | doctrine; exceptions to mootness |
| | * | doctrine. |
| **THE UNITED STATES,** | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * | * | |

Jason E. Perry, Cheshire, CT, for plaintiff.

Joseph A. Pixley, Washington, DC, with whom was Assistant Attorney General Tony West, for defendant. Capt. John S. Goehring, General Litigation Branch, Military Personnel Division, Arlington, VA, of counsel.

## MEMORANDUM OPINION AND ORDER

**MILLER**, Judge.

This case is before the court on defendant's motion to dismiss plaintiff's complaint pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction. The issue for decision is whether the matter is moot, or whether plaintiff has substantiated that the mootness doctrine should not apply because the conduct complained of—which the Government has remedied to date—is capable of repetition, yet evading review. Argument is deemed unnecessary.

### FACTS

For purposes of its motion, defendant accepts all factual allegations in the complaint as true. Def.'s Br. filed June 25, 2010, at 2 n.2. Similarly, plaintiff, pursuant to RCFC 5.4(a)(3), is satisfied with defendant's representation of the facts with two caveats, which the court takes into consideration. See Pl.'s Br. filed July 27, 2010, at 5.

Michael C. McDermott ("plaintiff") served in several branches of the military over the past thirty-five years on both active and reserve duty. Plaintiff enlisted in the United States Marine Corps on July 18, 1974, and was honorably discharged on November 16, 1985. Plaintiff thereafter joined the United States Navy on April 19, 1986, and joined the United States Air National Guard (the "Air National Guard") on June 10, 1997. He has served in various capacities for the Air National Guard, ultimately achieving the rank of Senior Master Sergeant.

On October 4, 2007, plaintiff received Title 10 orders 1/ placing him on active duty from October 1, 2007, until September 30, 2008. Special Order R-P000019; see Def.'s Br. filed June 25, 2010, App. at 1. 2/ On January 6, 2008, plaintiff's Title 10 orders were extended until February 2, 2008. Special Order R-P000135, App. at 6. These orders were subsequently extended on January 17, 2008, from February 3, 2008 to February 23, 2008. Special Order A-K000173, App. at 8. On January 22, 2008, plaintiff's Title 10 orders were extended again, from February 24, 2008, through September 30, 2008. See Special Order R-P000147, App. at 11. However, on January 17, 2008, the New York Air National Guard also issued Title 32 orders 3/ requiring plaintiff to attend Combat Survival Training ("CST")

---

1/ Section 12301 "Reserve components generally," of Title 10 states, in pertinent part:

> At any time, an authority designated by the Secretary concerned may order a member of a reserve component under his jurisdiction to active duty, or retain him on active duty, with the consent of that member. However, a member of the Army National Guard of the United States or the Air National Guard of the United States may not be ordered to active duty under this subsection without the consent of the governor or other appropriate authority of the State concerned.

10 U.S.C. § 12301(d) (2006).

2/ All references to appendix materials can be found in the appendix to defendant's brief filed on June 25, 2010, hereafter referred to as "App."

3/ Section 503 "Participation in field exercises," of Title 32 reads, in pertinent part:

> Under such regulations as the President may prescribe, the Secretary of the Army and the Secretary of the Air Force, as the case may be, may provide for the participation of the National Guard in encampments, maneuvers,

from February 6, 2008, until February 22, 2008, at Fairchild Air Force Base, Washington. Special Order A-K000173, App. at 8.  4/ Plaintiff remained on full-time Air National Guard duty when he was issued Title 32 orders.  See 32 U.S.C. § 101(19) (2006).  According to a "105 Airlift Wing Mishap Report," on February 12, 2008, during training, plaintiff "had a seventy pound backpack on [his] back and crouched down wearing snow shoes[.]  [W]hen plaintiff stood up, [his] snow shoes went to left and [plaintiff] went to the right and had severe pain in lower back and legs."  App. at 58.

Plaintiff was taken off orders on February 14, 2008, and his upcoming Title 10 orders, per Special Order R-P000147, were rescinded on February 26, 2010.  Special Order R-P000185, App. at 16.  Plaintiff's Title 32 orders, per Special Order A-K000173, were modified to end on February 14, 2008, but subsequently were extended until the end of March 2008.  Special Orders A-K000252, A-K000279, App. at 17-20.  At the expiration of these Title 32 orders, plaintiff was placed on a Title 32 medical hold from April 1, 2008, until May 31, 2008.  App. at 21.  Thereafter, through a series of eleven subsequent special orders, plaintiff's medical hold was extended until November 1, 2009.  Id. at 24-51.  Plaintiff contends that he was taken off orders eleven times for a total of 194 days between February 14, 2008, and December 5, 2009.  Pl.'s Br. filed July 27, 2010, at 5.

While plaintiff remained on medical hold, the New York Air National Guard conducted a Line of Duty Determination ("LOD"), approved on October 4, 2008, finding plaintiff's injuries to have occurred in the line of duty.  App. at 63-64.  On May 3, 2009, however, a Duty Limiting Condition Report (AF Form 469) was issued, restricting plaintiff's physical activities and  requiring plaintiff's injuries to be reviewed by a Medical Evaluation Board ("MEB").  Id. at 59.

Before the MEB could convene, plaintiff filed suit in the United States Court of Federal Claims on February 23, 2010, seeking "monetary benefits" pursuant to 37 U.S.C. § 204 (2006).  Compl. ¶¶ 19-20; see also 37 U.S.C. § 204(g)(1)(A) ("A member of

---

3/  (Cont'd from page 2.)

outdoor target practice, or other exercises for field or coast-defense instruction, independently of or in conjunction with the Army or the Air Force, or both.

32 U.S.C. § 503(a)(1) (2006).

4/  Plaintiff's training also included water survival training from February 4, 2008, until February 5, 2008.  The entirety of plaintiff's training ran from February 3, 2008, to February 23, 2008.

a reserve component of a uniformed service is entitled to the pay and allowances provided by law or regulation for a member of a regular component of a uniformed service of corresponding grade and length of service whenever such member is physically disabled as a the result of an injury . . . incurred or aggravated . . . in the line of duty while performing active duty. . . ."). The complaint alleges that the Air National Guard has failed to continue plaintiff's active duty status since November 1, 2009, and that plaintiff was consequently denied active duty pay, allowances, and access to healthcare. Compl. ¶ 16. Although plaintiff was examined on December 12, 2010, the New York Air National Guard did not issue the second LOD until March 3, 2010. App. at 61-62. This determination found that plaintiff had "aggravated an existing condition." Id. The LOD was completed on March 29, 2010, when the Report of Investigation Line of Duty and Misconduct Status (DD Form 261) was issued. Id. at 60. This report states, in relevant part, "[M]ember's [sic] that have 8 or more years of cumulative duty time and on orders for greater than 30 days shall have all medical conditions (even those that existed prior to service) deemed 'In the Line of Duty.'" Id.

Plaintiff's injury accordingly was deemed "in the line of duty," and on April 20, 2010, the New York Air National Guard issued Special Order A-K000153, retroactively reinstating plaintiff to Title 32 duty from April 1, 2008, until May 29, 2010. Id. at 52-54. On June 3, 2010, plaintiff's Title 32 status was extended until July 28, 2010. Special order A-K000205, App. at 55-57. The Air National Guard retroactively adjusted plaintiff's pay and allowances, issuing him a check on May 5, 2010, for $37,344.26 for back pay and allowances for the period of November 2, 2009, through April 30, 2010.   App. at 65-68.

Plaintiff has accumulated over eighteen years of active military service and is within two years of being eligible for retirement. App. at 77. On June 3, 2010, the Chief National Guard Bureau issued a revision to Air National Guard Instruction ("ANGI") 36-101, instructing: "Enlisted entering the sanctuary zone for regular retirement should be retained until reaching retirement eligibility." ANGI 36-101, ¶ 8.2.2 (June 3, 2010), App. at 78. Plaintiff's length of service and proximity to retirement eligibility qualify him for the sanctuary zone. In accordance with this instruction, plaintiff must be retained on full-time active service until he is eligible for retirement, unless he becomes eligible for disability retirement. 5/ See 10 U.S.C. § 12686 (2006); ANGI 36-101, ¶ 8.2.2.

---

5/ Plaintiff may be retained under either Title 10 or 32 service. Additional exceptions apply to the requirement to retain plaintiff, e.g., the Secretary of the Air Force retains the authority to involuntarily separate for cause a member who is within the sanctuary zone. See ANGI 36-101, ¶ 8.2.2.

## DISCUSSION

1. Mootness and subject matter jurisdiction

Defendant moves to dismiss plaintiff's complaint under RCFC 12(b)(1) for lack of subject matter jurisdiction because plaintiff's claim has been rendered moot. Mootness is a justiciability challenge, and courts will dismiss moot cases for lack of subject matter jurisdiction. See Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937) (noting that jurisdiction requires a case or controversy, which is distinguishable "from a difference or dispute . . . that is academic or moot"). The mootness doctrine originates from the "case or controversy" requirement of Article III of the United States Constitution, U.S. Const. art. III, § 2 ("The judicial Power shall extend to all Cases . . . [and] to controversies . . . ."); see also Gerdau Ameristeel Corp. v. United States, 519 F.3d 1336, 1340 (Fed. Cir. 2008) (citing Allen v. Wright, 468 U.S. 737, 750 (1984); North Carolina v. Rice, 404 U.S. 244, 246 (1971)), and is at the core of "'the constitutional and prudential limits to the powers of an unelected, unrepresentative judiciary in our kind of government,'"Allen, 468 U.S. at 750 (quoting Vander Jagt v. O'Neill, 699 F.2d 1166, 1178-79 (D.C. Cir. 1983) (Bork, J., concurring)). Consequently, federal courts are limited to entertaining matters in which an ongoing justiciable issue is presented. See NEC Corp. v. United States, 151 F.3d 1361, 1369 (Fed. Cir. 1998) ("If a case becomes moot it no longer presents a justiciable controversy over which a federal court may exercise jurisdiction.").

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). Such an instance can occur if an intervening event during the pendency of a case "renders it impossible for [the] court to grant any effectual relief." Cyprus Amax Coal Co. v. United States, 205 F.3d 1369, 1372 (Fed. Cir. 2000) (holding tax refund suit not moot despite plaintiff's subsequent compliance with tax refund statute because plaintiff could potentially recover additional taxes under Tucker Act rather than under tax refund claim); see also 15 Moore's Federal Practice § 101.93[2] (Matthew Bender 3d ed.) ("A claim may . . . be rendered moot because the plaintiff, as a result of some intervening factual event, has lost a present right to be vindicated or no longer has a stake or interest in the outcome of the litigation."). "[A]n actual controversy must remain at all stages, not merely at the time the complaint is filed." Gerdau Ameristeel, 519 F.3d at 1340.

The United States Supreme Court has articulated two conditions that must be statisfied for a court to dismiss a case on mootness grounds, stating that "jurisdiction, properly acquired, may abate if the case becomes moot because (1) it can be said with assurance that 'there is no reasonable expectation  . . .' that the alleged violation will recur, and, (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged

violation." County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (citations omitted). "When both conditions are satisfied it may be said that the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law." Id.  Regarding damages, "the tender of the entire amount of the damages claimed by a plaintiff moots the damages claim," Rothe Dev. Corp. v. Dep't of Def., 413 F.3d 1327, 1331 (Fed. Cir. 2005), and a claim for attorneys' fees also is then mooted, Samsung Elec. Co., Ltd. v. Rambus, Inc., 523 F.3d 1374, 1379 (Fed. Cir. 2008).

The effect of the actions taken by the Air National Guard in reinstating plaintiff to Title 32 status and retroactively adjusting his pay and allowances ended the dispute between the parties—whether plaintiff was denied payment and allowances to which he was entitled and whether he is required to be restored to active duty. See Compl. at 5.  In the case at bar, under the Davis test, "interim relief . . . [has] completely and irrevocably eradicated the effects of the alleged violation." See Davis, 440 U.S. at 631.  The Air National Guard made plaintiff whole in reinstating plaintiff with every right to which plaintiff is currently entitled. Plaintiff contends, pursuant to 37 U.S.C. § 204, that he was unlawfully taken off active duty and that presently he is entitled to remain on active duty pending the determination of his disability status by the Medical Evaluation Board.  However, on April 20, 2010, the Air National Guard issued Special Order A-K000153, reinstating plaintiff to Title 32 status.  This status was extended by Special Order A-K000205 through July 28, 2010.  On April 21, 2010, the Air National Guard retroactively adjusted plaintiff's pay and allowances, and issued him a $37,344.26 check on May 5, 2010.  Although plaintiff claims that he was taken off of Title 32 status from May 29, 2010, through June 3, 2010, currently he is properly classified and being paid the correct amount.  Plaintiff does not argue that the Air National Guard presently owes him outstanding pay or allowances.

Defendant further shows that no reasonable expectation exists that plaintiff again will be taken off active duty.  The Chief National Guard Bureau's June 3, 2010 revision of ANGI 36-101 requires the Air National Guard to retain plaintiff for full-time active service until he is eligible for retirement, or until he is eligible for disability retirement. See 10 U.S.C. § 12686.  This change in policy indicates that the alleged offending conduct cannot be repeated under the law now in effect.  Compare  Military Order of the Purple Heart v. Sec'y of Veterans Affairs, 580 F.3d 1293, 1295 (Fed. Cir. 2009) (holding "the VA's procedures cannot escape review simply because the VA withdrew the document that initially implemented it, but continued the policy under a new number"), with Davis, 440 U.S. at 632 (holding challenge to hiring practices of fire department moot when fire department changed method of screening applicants).

By retroactively reinstating plaintiff's status and adjusting his pay and allowances, the Air National Guard has tendered the amount of damages claimed by plaintiff.  Plaintiff

6

asserts that "a declaratory judgment that the Air Force must continue to pay him pending the outcome of his disability case would clarify the law on this point and would assist other similarly situated servicemembers." Pl.'s Br. filed July 27, 2010, at 10. In this regard alone, the relief sought has changed. Plaintiff is no longer seeking money damages; instead, plaintiff seeks an order from the court that the Air National Guard must continue to make future payments under 37 U.S.C. § 204. However, the Court of Federal Claims lacks jurisdiction to issue declaratory relief absent the entry of a money judgment. See 28 U.S.C. § 1491(a)(2) (2006) (providing for complementary jurisdiction to "issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records").

2. Exceptions to the mootness doctrine invoked by plaintiff

Plaintiff alternatively alleges that his case is not moot because the injury complained of falls within an exception to the mootness doctrine. Exceptions to the mootness doctrine include: the Government's voluntary cessation of improper conduct to avoid judicial review, see Military Order of the Purple Heart, 580 F.3d at 1295; conduct capable of repetition, yet evading review, see Humane Soc'y of the United States v. Clinton, 236 F.3d 1320, 1331 (Fed. Cir. 2001); and the availability of collateral relief, see CCL Serv. Corp. v. United States, 43 Fed. Cl. 680, 689-90 (1999).

Plaintiff contends that the Air National Guard's voluntary cessation of its alleged illegal conduct does not moot plaintiff's case because no guarantee has been shown that the harm will not recur. Pl.'s Br. filed July 27, 2010, at 7-8. Voluntary cessation of illegal conduct does not moot a claim "unless the defendant proves it to be 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" Rothe, 413 F.3d at 1332 (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., 528 U.S. 167, 189 (2000)); see also Adarand Constrs., Inc. v. Slater, 528 U.S. 216, 221-22 (2000). "It is the duty of the courts to beware of efforts to defeat injunctive relief by protestations of repentance and reform, especially when abandonment seems timed to anticipate suit, and there is probability of resumption." United States v. Or. State Med. Soc'y, 343 U.S. 326, 333 (1952).

While the court heeds the cautionary note sounded in Oregon State Medical Society, defendant has made an affirmative showing in this case that the Air National Guard has taken proper corrective action by reinstating plaintiff to active duty, retroactively adjusting his pay, and changing its policy. Def.'s Br. filed June 25, 2010, at 5-6. Plaintiff asserts that because he was taken off active duty repeatedly, defendant cannot guarantee that the harm will not recur, pointing specifically to the period from May 29, 2010, to June 3, 2010, when plaintiff was taken off orders. Pl.'s Br. filed July 27, 2010, at 7-8. However, the Chief National

Guard Bureau's revision of ANGI 36-101, providing guidance as to how servicemembers such as plaintiff should be classified, was issued on June 3, 2010, and thereupon the Air National Guard took corrective action to reinstate plaintiff to active duty. In these circumstances no predicate exists for finding a reasonable likelihood of recurrence.

Plaintiff has also invoked the exception framed as "capable of repetition, yet evading review," which requires that two conditions be met. See Cambridge Lee Indus. Inc. v. United States, 916 F.2d 1578, 1581 (Fed. Cir. 1990); see also Humane Society, 236 F.3d at 1331. First, plaintiff must demonstrate that the "'challenged action was in its duration too short to be fully litigated prior to its cessation or expiration.'" Cambridge Lee Indus., 916 F.2d at 1581 (quoting Weinstein v. Bradford, 423 U.S. 147, 149 (1975)); see, e.g., Torrington Co. v. United States, 44 F.3d 1572, 1578 (Fed. Cir. 1995) (holding cause of action not moot where action is predicated on duty set by administrative review board that annually updates and amends antidumping cash deposit rates that are subject of litigation). Second, plaintiff must show a "'reasonable likelihood' that the party 'will again suffer the . . . [injury] that gave rise to the suit.'" Cambridge Lee Indus., 916 F.2d at 1581 (quoting Honig v. Doe, 484 U.S. 305, 318 (1988) (holding second condition not satisfied when complaining party could not show "a reasonable expectation that [it] will be subject to the same action again" (internal quotation marks omitted)). While "reasonable expectation" does not mean that plaintiff must show the act will recur with "demonstrated probability," Honig, 484 U.S. at 320 n.6 (internal quotations marks omitted), more than a mere possibility is required, Cambridge Lee Indus., 916 F.2d at 1581-82. This case does not qualify for the exception articulated as "capable of repetition, yet evading review."

The line of cases adopting this exception to the mootness doctrine are strikingly different from the case *sub judice*. In the first instance, plaintiff does not show that the "'challenged action was in its duration too short to be fully litigated prior to its cessation or expiration.'" Cambridge Lee Indus., 916 F.2d at 1581 (quoting Weinstein, 423 U.S. at 149). Plaintiff contends that, if the Air National Guard were to fail to pay him, "it would take filing another complaint (on the same basis as the instant complaint) and the Government would have at least 60 days to file a responsive pleading," during which time the Air National Guard again could avoid review by paying plaintiff. Pl.'s Br. filed July 27, 2010, at 7. However, plaintiff fails to grasp the essence of "recurring, short-term conduct," where the litigation does not "keep pace" with the facts. Torrington, 44 F.3d at 1578. If the Air National Guard were unable to cure the offending conduct in this instance, it would stand to reason that "capable of repetition, yet evading review" would be recognized in any situation in which the Government could recant and litigation would ensue again. That is not the test. Moreover, plaintiff fails to meet the second prong—that a reasonable expectation exists that the Air National Guard will repeat the offense—because the updated regulation promulgated by the Chief National Guard Bureau undercuts plaintiff's contention that the Air National

Guard once again will take him off active duty.  This is not a claim where the offense is capable of repetition, yet evading review.

Because plaintiff's claim is moot, it is not justiciable, and the court lacks subject matter jurisdiction to consider it.

## CONCLUSION

Accordingly, based on the foregoing, defendant's motion to dismiss is granted, and the Clerk of the Court shall enter judgment dismissing the complaint without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

No costs.


/s/ Christine O.C. Miller

_____
**Christine Odell Cook Miller**
Judge